UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY McQUEEN, | ) | 1:10CV0859 |
| | ) | |
| Petitioner | ) | JUDGE SARA LIOI |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| KEITH SMITH, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Larry McQueen ("McQueen") filed a petition pro se for a writ of habeas corpus, arising out of his 2004 convictions for aggravated burglary, aggravated robbery, and other crimes, in the Cuyahoga County (Ohio) Court of Common Pleas. In his petition, McQueen raises two grounds for relief:

1. Petitioner was denied a fair trial guaranteed to him under the 14th Amend[ment] of the U.S. [Constitution].

2. Petitioner was denied Effective Assistance of Counsel.

(Doc. 1, § 12.) The respondent filed a Return of Writ. (Doc. 6.)

McQueen sought a sixty-day extension of time to file his Traverse (doc. 7), which was granted. (Doc. 9.) Subsequently, he sought a second sixty-day extension of time to file his Traverse (doc. 13), which was also granted. (Doc. 16.) However, McQueen did not file a Traverse.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual and procedural background, in two separate decisions:

> In the early morning hours of August 17, 2003, appellant went to Michael Harris' (the victim) house, with a gun in his hand, and demanded that the victim pay him money or give him drugs. Appellant was with two other males. They forcefully entered the house and threatened to shoot the victim. Appellant and the other two individuals hit the victim, knocked him down the stairs, and placed a gun inside his mouth. The group then stole walkie-talkies and tools from the victim and left the house saying they would be back for the drugs or the money. When appellant came back at a later time, the victim called the police. The victim subsequently identified appellant as being one of the intruders.
>
> On February 2, 2004, appellant was indicted for one count of aggravated robbery in violation of R.C. 2911.01; one count of aggravated burglary in violation of R.C. 2911.11; one count of kidnapping in violation of R.C. 2905.01; and one count of felonious assault in violation of R.C. 2903.11. All counts included firearm specifications in violation of R.C. 2929.141 and 2929.145. On August 12, 2004, appellant waived his right to a jury trial. On the same day, the court found appellant guilty on all counts. On August 17, 2004, the court sentenced appellant to ten-year sentences on counts one, two and four, to run concurrently; a five-year sentence on count three and a three-year sentence on the gun specifications, both to run consecutive to the ten years, for a total of 18 years in prison.

(Doc. 6, RX 8, at 2-3; State v. McQueen, No. 85330, 2005 WL 1846990, at *1 (Ohio Ct. App. Aug. 4, 2005).) A subsequent decision updated the procedural progress of the case:

> McQueen was convicted of aggravated burglary, aggravated robbery, felonious assault, and kidnapping, with firearm specifications. He was sentenced to a total of 18 years in prison. This court affirmed McQueen's convictions and sentences. See id. The Supreme Court of Ohio reversed this court's decision regarding McQueen's sentence, and remanded the case to the trial court for resentencing in accordance

with State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. McQueen was then resentenced.

McQueen filed a motion to vacate or set aside sentence/petition for postconviction relief. His petition was denied without hearing.

(Doc. 6, RX 29, at 1-2; State v. McQueen, No. 91067, 2008 WL 5050047, at *1 (Ohio Ct. App. Nov. 26, 2008).)

## A. Direct Appeal

After his conviction at a bench trial, McQueen raised the following assignments of error on direct appeal:

> 1. The verdicts are against the weight of the evidence.
>
> 2. The trial court's assigning of the maximum sentence for Counts One, Two and Four are void or voidable as these sentences are not authorized by law.
>
> 3. The trial court erred by sentencing the appellant to a consecutive term of incarceration.

(Doc. 6, RX 6.) The court of appeals affirmed his conviction. (Doc. 6, RX 8; McQueen, 2005 WL 1846990.)

McQueen filed an appeal to the Supreme Court of Ohio, setting forth the following propositions of law:

> 1. A criminal defendant may not be sentenced to the maximum term without a jury finding that the defendant's actions constituted the worst form of the offense.
>
> 2. Only a jury can determine whether a defendant should be sentenced consecutively under R.C. §2929.14(E).
>
> 3. A sentencing judge must justify a consecutive sentence with findings consistent with R.C. §2929.14(E).

3

(Doc. 6, RX 10.)

### B. Re-Sentencing

On May 31, 2006, the state supreme court reversed his sentence, based on his Proposition of Law #3, and remanded for resentencing consistent with State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006). (Doc. 6, RX 12; In re Ohio Criminal Sentencing Statutes Cases, 109 Ohio St.3d 450, 849 N.E.2d 1 (2006).)

Subsequently, McQueen was resentenced to a cumulative term of eighteen years incarceration. (Doc. 6, RX 13.) McQueen's motion for a delayed appeal was granted (doc. 6, RX 16), and he submitted a brief containing two assignments of error:

> 1. The trial court erred by scheduling the appellant's re-sentencing hearing nineteen months after the remand in violation of the appellant's Sixth Amendmended (sic) Constitutional right to a speedy trial.
>
> 2. The trial court erred by failing to conduct a de nova (sic) review of the facts at the re-sentencing hearing in violations of the appellants (sic) Fourteenth Amendment right to due process.

(Doc. 6, RX 17.) The court of appeals affirmed his sentence on March 12, 2009. (Doc. 6, RX 19; State v. McQueen, No. 91067, 2009 WL 626333 (Ohio Ct. App. Mar. 12, 2009).)

McQueen filed a motion for delayed appeal to the Supreme Court of Ohio. (Doc. 6, RX 20-21.) The court denied his motion, and dismissed his case. (Doc. 6, RX 22; State v. McQueen, 123 Ohio St.3d 1420, 914 N.E.2d 1062 (2009).)

### C. Petition for Post-Conviction Relief

4

While his direct appeal was pending, McQueen filed a petition for post-conviction relief on May 5, 2005. (Doc. 6, RX 23.) The petition was based on two grounds:

> 1. The convictions and sentences against Petitioner McQueen are void and/or voidable because the Cuyahoga County Prosecutor's Office failed to provide trial counsel with exculpatory evidence.
>
> 2. The petitioner was denied the effective assistance of counsel.

(Doc. 6, RX 23, at ¶¶ 11, 29.) The state filed a motion to dismiss. (Doc. 6, RX 24.)

The trial court dismissed the petition without a hearing. (Doc. 6, RX 25.)

McQueen appealed that decision, and set forth four assignments of error in support of his appeal, verbatim:

> 1. The Trial Court erred and abused it's discretion when the Court denied the Appellant's Petition to vacate or set aside sentence when the Appellant provided operative facts to sustain His Petition, and demonstrated a substantial Constitutional violation had occurred during Trial of Ineffective assistance of Trial Counsel, and Prosecutor misconduct for the prosecutions withholding of exculpatory evidence, a Brady violation, and the prosecutor's knowing use of false or perjured testimony, when the Trial Court denied the Appellant's Petition it denied the Appellant Due Process of Law and a Fair Trial/Hearing, rights guaranteed under the United States Constitutions Fifth, Sixth and Fourteenth Amendments.
>
> 2. The Trial Court erred and abused it's discretion by not holding a hearing to allow the Defendant-Appellant to further develop and substantiate His claims/grounds fully by examining witnesses, and Trial Counsel, thus denying the Appellant's Constitutional right to a Fair Trial/Hearing-Due Process-Equal Protection guaranteed by the United States Constitutions Fifth, Sixth and fourteenth amendments, and Ohio's Art I, section 10 and 16 Constitution.
>
> 3. The Defendant-Appellant was denied Effective Assistance of Counsel when Counsel hired by the Defendant-Appellant's family members, for perfecting a Petition to vacate or set aside sentence, did

not attach all pertinent records of the Defendant-Appellant's Trial for the Trial Court review in determining the merits of the Appellant's Petition to vacate or set aside sentence, when the transcripts of Mr. Harris during the Appellant's Trial were quoted, but not attached to the Petition, thus resulting in a denial of Effective Assistance of Counsel as guaranteed by the Sixth Amendment of the U.S. Constitution and Ohio's Art I, section 10 and 16, Constitution.

4. The Trial Court erred and abused it's discretion by not following the dictates of R.C. 2953.21 (C), which mandates that when reviewing the Petition to vacate or set aside sentence the Trial Court *must* review the record, Court Reporter's transcript etc., when the Trial Court issued an Order/Opinion, or Decision that based it's lack of reaching the Merits of the Petition because the Petitioner did not attach portions of the transcript from His own Trial, transcripts that were filed in the record over two (2) years ago and available to the Trial Court to determine the claims/grounds raised within the Petition being Ineffective assistance of trial Counsel and Prosecutor Misconduct, thus the Appellant's Fair Trial and due Process rights were violated under the United States Constitution, and Ohio's Art I, sections 10 and 16 Constitution.

(Doc. 6, RX 27.) The state court of appeals affirmed the judgment of the trial court.

(Doc. 6, RX 29; McQueen, 2008 WL 5050047.)

McQueen then filed an appeal to the Supreme Court of Ohio, which set forth the following propositions of law, verbatim:

1. Appellant was denied a fair trial guaranteed to him under the 14th Amend. of the U.S. Cont.

2. Appellant was denied the effective assistance of counsel.

(Doc. 6, RX 31.) The court declined to extend jurisdiction, and dismissed the appeal.

(Doc. 6, RX 33; State v. McQueen, 121 Ohio St.3d 1452, 904 N.E.2d 901(2009).)

This petition for a writ of habeas corpus followed.

## II. HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

McQueen has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. FAIR TRIAL

The first ground of the petition is that McQueen was denied a fair trial, as guaranteed to him under the Fourteenth Amendment. The facts in support of this are stated as:

1. The State knowingly used perjured testimony.

2. The State failed to disclose evidence favorable to the Petitioner.

(Doc. 1, § 12.) In the Return of Writ, the respondent addressed both sub-claims on the merits. See doc. 6, at 9-17.

However, as to the first sub-claim, alleging the use of perjured testimony, the court notes that this claim has not been properly exhausted.

### A. Exhaustion

It is well-settled in the Sixth Circuit that the threshold issue of exhaustion of state remedies can be raised by the court sua sponte. Richards v. Money, No. 1:03CV1532, 2005 WL 1181856, at *5 (N.D. Ohio May 18, 2005) (citing Clinkscale v. Carter, 375 F.3d 430, 436-437 (6th Cir. 2004); Harris v. Reed, 794 F.2d 1168, 1170 (6th Cir. 1986)); see also Alexander v. Eberlin, No. 1:06CV1664, 2007 WL 2902899, at *5 (N.D. Ohio Sept. 28, 2007) (same).

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). This court does not have jurisdiction to consider a federal claim in a habeas petition which was not fairly presented to the state

9

courts. Baldwin v. Reese, 541 U.S. 27 (2004); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001).

McQueen did not raise the allegation of perjured testimony in his direct appeal. See doc. 6, RX 6. The issue first appears, in passing, buried in a rambling (first) assignment of error in his appeal of the denial of his petition for post-conviction relief. (Doc. 6, RX 27, at 4.) The court of appeals did not specifically address this stray allegation, perhaps because the issue had not been raised in the petition for post-conviction relief itself, which was based on (1) failure to provide trial counsel with exculpatory evidence, and (2) ineffective assistance of counsel. (Doc. 6, RX 23, at ¶¶ 11, 29.) The court finds that this issue was not raised as a discrete claim, and thus was not fairly presented to the state courts.

The sub-claim that McQueen was denied a fair trial through the use of perjured testimony has not been exhausted in the state courts, and cannot be considered by this court.

### B.  Failure to Disclose Evidence

The claim that the state failed to disclose evidence favorable to McQueen was also not raised on direct appeal. See doc. 6, RX 6. The issue was first raised in McQueen's petition for post-conviction relief. (Doc. 6, RX 23, at ¶ 11.)

In his petition, McQueen argued that the trial testimony of the victim, Michael Harris, in a co-defendant's trial was not provided to him "as required under Ohio Rule of Discovery 16." (Doc. 6, RX 23, at ¶ 16.) McQueen notes that it should be considered as prior statement of a witness, and contends that "numerous

material inconsistencies" in the testimony of Harris in the two trials. Id. at ¶¶ 16-17.

> The court of appeals addressed the claim as follows:
>
> McQueen argues that the prosecutor withheld exculpatory evidence, specifically the transcript of the victim's testimony from the trial of McQueen's codefendant, violating Brady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. He also argues that his attorney was ineffective because he failed to present the victim's transcript at trial, which would have affected the victim's credibility. Further, McQueen contends that his attorney was ineffective for failing to attach portions of the victim's testimony at trial to the petition.
>
> The trial court ruled that there was no Brady violation because the transcript was available to McQueen.
>
> To establish a claim under Brady, a defendant must establish the following facts: (1) the prosecutor suppressed evidence; (2) such evidence was favorable to the defense; and (3) the suppressed evidence was material. Carter v. Bell (6th Cir.2000), 218 F.3d 581, 601, citing Moore v. Illinois (1972), 408 U.S. 786, 794-95, 92 S.Ct. 2562, 33 L.Ed.2d 706. "The inquiry is objective, independent of the intent of the prosecutors." Id., citing Brady, 373 U.S. at 87. "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome of the proceeding." United States v. Bagley (1985), 473 U.S. 667, 676, 105 S.Ct. 3375, 87 L.Ed.2d 481. Furthermore, there is no Brady violation "where a defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information or where the evidence is available * * * from another source, because in such cases there is really nothing for the government to disclose." Coe v. Bell (6th Cir.1998), 161 F.3d 320, 344, certiorari denied, 528 U.S. 842, 120 S.Ct. 110, 145 L.Ed.2d 93 (1999) (citation and internal quotation marks omitted).
>
> The rationale underlying Brady does not require the state to supply a defendant with all the evidence in the state's possession that might conceivably assist with the preparation of his defense, but to assure that the defendant will not be denied access to exculpatory evidence

11

> known only to the state. State v. Hughes (Nov. 4, 1993), Cuyahoga App. No. 62884.
>
> In this case, we agree with the trial court that the victim's prior testimony was available to McQueen. McQueen was not denied access by the state to exculpatory evidence. Further, there is no indication that the transcript contained exculpatory evidence. Consequently, there was no Brady violation.

(Doc. 6, RX 29, at 4-5; McQueen, 2008 WL 5050047, at *2-*3.)

The state court applied Brady v. Maryland, 373 U.S. 83 (1963), thus the question before this court is whether the state court's decision involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Williams, 529 U.S. at 412-413. A state court decision cannot be found unreasonable simply because the federal court may consider the state decision to be erroneous or incorrect. Rather, this court must determine whether the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

In Brady, a homicide case, the defense counsel had requested the prosecution to allow him to examine a co-defendant's extrajudicial statements. Brady v. Maryland, 373 U.S. 83, 84 (1963). "Several of those statements were shown to him; but one . . . in which [the co-defendant] admitted the actual homicide, was withheld by the prosecution and did not come to petitioner's notice until after he had been tried, convicted, and sentenced, and after his conviction had been affirmed." Id. The only prior statements which were made available to Brady's counsel were those

in which the co-defendant said that Brady did the killing.[1] Brady v. State, 174 A.2d 167, 169 (Md. 1961).

As noted by the state court, Brady has been interpreted not to apply to "information that is not wholly within the control of the prosecution." Coe v. Bell, 161 F.3d 320, 344 (6th Cir. 1998), cert. denied, 528 U.S. 842 (1999).  Thus, courts have found that transcripts of trial testimony, as records of public court proceedings, do not come within the ambit of Brady materials.  United States v. Delgado, 350 F.3d 520, 527 (6th Cir. 2003).  There is no Brady violation where the evidence is publicly available from another source, "because in such cases there is really nothing for the government to disclose." Coe, 161 F.3d at 344 (citing cases).

The court cannot find the state court's decision concerning Brady involved an unreasonable application of clearly established federal law.  The petition should not be granted on the basis of either sub-claim of the first ground.

IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

The second ground of the petition alleges ineffective assistance of counsel. The supporting facts for this ground are that counsel "failed to attach the portions of the transcript of his co-defendant's trial that would establish inconsistent testimony of State's witness." (Doc. 1, at § 12.)

---

[1] At the co-defendant's trial, the court excluded the statement of the co-defendant in which he admitted strangling the victim, because it was unsigned. Brady, 174 A.2d at 169.

13

As respondent points out (doc. 6, at 17), and as evidenced by the exhibit attached to the petition, this ground relates to counsel's role in the denial of the petition for post-conviction relief, which was based, in part, on a failure to submit sufficient evidence. (Doc. 1, PX B; see also doc. 6, RX 25.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). However, McQueen's constitutional right to counsel is limited to his first appeal as of right. Lopez v. Wilson, 426 F.3d 339, 352 (6th Cir. 2005) (en banc), cert. denied, 547 U.S. 1099 (2006) (citing Ross v. Moffitt, 417 U.S. 600 (1974)). The Supreme Court has "declined to extend the right to counsel beyond the first appeal of a criminal conviction." Coleman, 501 U.S. at 756.

There is no federal constitutional right to effective assistance of counsel in a collateral post-conviction procedure, which is not part of the direct appeal. Lopez, 426 F.3d at 352 (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)); see also Lopez, 426 F.3d at 340-341 (no Sixth Amendment right to appointed counsel in collateral post-conviction proceeding). Therefore, there can be no habeas claim for ineffective assistance related to such an application.

The petition should not be granted on the basis of the second ground.

## V. SUMMARY

The petition for a writ of habeas corpus should be denied.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.


Dated:  Feb. 21, 2012                      /s/ Kenneth S. McHargh
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).